UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHERUBIM CHINEDUM ADIM d/b/a
AGOURMP GLOBAL SOLUTION INC.,

                Plaintiff,

-against-

ALVIN LEONARD BRAGG a/k/a ELECTED
MANHATTAN DA, ALVIN L. BRAGG,

                Defendant.

24-CV-4585 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Cherubim Chinedum Adim brings this *pro se* action against Manhattan District Attorney Alvin Bragg. By order dated August 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's complaint for lack of standing.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits. To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint.[1] On May 30, 2024, former President Donald J. Trump was convicted in New York state court on 34 counts of falsifying business records. *See* Verdict Sheet, *People v. Trump*, Indictment No. 71543-23 (N.Y. Sup. Ct. May 30, 2024). Just over two weeks later, Plaintiff filed in this court a 43-page complaint against Defendant Alvin Bragg, who heads the office that secured former President Trump's conviction. Accompanying the complaint are 219 pages of attachments, most of which are copies of court filings and news articles relating to Trump's conviction.

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

As far as the Court can discern, Plaintiff argues that Trump's conviction was unconstitutional and asks the Court to set it aside. Plaintiff writes:

> GROUNDS FOR RELIEF OR CAUSE OF ACTION!
>
> Verified Cause of action in favor of vacating Manhattan District, Attorney Alvin Leonard Bragg and prosecution team members, in the criminal case prosecution against Donald J. Trump; succinctly includes violation of "5th and Fourteenth" Amendment to US Constitution backed due process clauses!
>
> . . .
>
> Indeed, a "poorly baked" court and army of judicial actors cannot be rationally, morally, thoughtfully, tantamount to court of competent jurisdiction as envisage, in US Constitution's backed due process clauses, meritoriously, hence this verified complaint and annexed "order to show cause", accordingly.[2]

(ECF No. 1 at 11-12.) Plaintiff does not allege that he was personally injured by Trump's conviction; in the section of his complaint intended to describe the nature of his injury, Plaintiff writes,

> INJURY!
>
> The only discerned at the least plausible injury to Donald J. Trump, as of moment is cost of attorney's fees and other forms of emotional and psychological distress, including as the court by way of judicial precedent (Stare decisis) already hitherto deem fit and equitable indeed.

(*Id.* at 11.)

Plaintiff argues at one point that, because the IRS has not brought any charges against former President Trump concerning his personal federal income tax returns, Defendant is barred by federal preemption, *res judicata*, and collateral estoppel from prosecting Trump on state-law falsification-of-business-records charges:

> Extract from AP news publication, published 9:19 PM EDT, and dated December 30, 2022, stated as below thus!

---

[2] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless noted otherwise.

> ["]Democrats in Congress released thousands of pages of former President Donald Trump's tax reutrns Friday, providing the most detailed picture to date of his finanices over a six-year period, including his time in the White House, when he fought to keep the information private in a break with decades of precedent.
>
> The documents include individual returns from Trump and his wife, Melania, along with Trump's business entities from 2015-2020. They show how Trump used the tax code to lower his tax obligation and reveal details about foreign accounts, charitable contributions and the performance of some of his highest-profile business ventures, which had largely remained shielded from public scrutiny.["] . . .
>
> Constructively, eludicated is that despite all criticism, from any person, business or politicians against Donald J. Trump's filed tax returns filings, there has been no charges of any bookkeeping violations or fraud filed by US IRS or office of US attorney General and Minister of Justice.
>
> Therefore, consistent with the doctrine of constitutional backed enabled federal preemption rule; how can movant and any unbiased well-informed person be convinced of any actional wrong bookkeeping violation or fraud charges as filed and progressively, brazenly, egregiously litigated by trending inferior court prosecutor, known as Manhattan DA, honorable, Alvin Leonard Braggs and prosecution team?
>
> . . .
>
> THERE EXIST UNQUESTIONABLE BEYOND PRIMA FACIE EVIDENCE, EVIDENCING BRAZEN RECKLESS VIOLATION OF ACTIONABLE COMMON LAW'S "RES JUDICATA AND COLLATERAL ESTOPPEL" DOCTRINE THAT CONSTRUCTIVELY DOVETAIL OR FITTINGLY FASTENED WITH 5TH AND 14TH, AMENDMENT TO US CONSTITUTION ACCORDINGLY.

(*Id.* at 16–17 (quoting Michael R. Sisak, Jill Colvin & Chris Rugaber, *Trump's Returns Shed Light on Tax Offsets, Foreign Accounts*, Associated Press News (Dec. 30, 2022, 9:19 PM EDT), https://www.apnews.com/article/donald-trump-federal-tax-returns-updates-290dd5b563d8d829ee8b89ab4471d2e2 [https://perma.cc/3GDX-GW6V]). At another point, Plaintiff seems to suggest that, because Hillary Clinton chose not to divorce then-President Bill Clinton, the judicial doctrine of *stare decisis* forbids Defendant's prosecution:

> Movant, having been heavily, burdened, do humbily, solemnly, pertinently, "herein and hereby", disclose that verified confirmed documented accepted

> unquestionable President William Jefferson Clinton's extra-marital unethical sexual relationship with Monica Lewinsky in the "work for hire" office place environment. That culminated to subsequently, trending settled sexual harassment lawsuit, brought by Monica Lewinsky, against William Jefferson Clinton (him) and lying under oath (perjury) was unable to convince "then" democratic party's controlled (captained or headed) US Senate to impeach President William Jefferson Clinton.
>
> Even so, his wife – "honorable Hillary Diane Rodham Clinton", did not find the official work-place unethical conduct, morally, reprehensible (annoying) enough, sufficient to warrant filing for marriage divorce settlement against William Jefferson Clinton.
>
> Therefore, the legally, cognizant "Stare Decisis", must equally, implicitly, imply that Donald J. Trump's extra-marital consensual sexual relationship with adult film actress "Stormy Daniels" cannot be sufficient enough to prevent him from contesting for the US president. Which he eventually, won (came victorious in flying colors) hence Manhattan District Attorney, Alvin Leonard Braggs' and team, frivolous trending criminal case submission against Donald J. Trump, must come as tantamount, to as simply, a sophisticated method of fundamental classical egregious, premeditated, brazen, reckless, humiliating stylish "judicial thuggery", needing adequate prompt remedial action deployed accordingly. We must progressively act.

(*Id.* at 26–27.) Plaintiff's 219 pages of attachments – mostly screenshots of online news articles and reproductions of various legal filings already publicly available – add little clarity.

## DISCUSSION

The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). Standing is, therefore, "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "[A] plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024).

5

"The party invoking federal jurisdiction bears the burden" of establishing standing. *Lujan*, 504 U.S. at 561. At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc.*, 578 U.S. at 338.

The injury-in-fact requirement is "[f]irst and foremost" among the three elements of standing. *Id.* (alteration in original) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)). An injury in fact consists of "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). A harm is "concrete" if it actually exists and is "particularized" if it affects the plaintiff personally and individually. *Spokeo, Inc.*, 578 U.S. at 339-40. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* at 339 (2016) (citing *Lujan*, 504 U.S. at 560 n.1). In contrast, "when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth*, 422 U.S. at 499; *see All. for Hippocratic Med.*, 602 U.S. at 381 ("[T]he injury must affect 'the plaintiff in a personal and individual way' and not be a generalized grievance." (quoting *Lujan*, 504 U.S. at 560 n.1)).

An "actual" injury is one that has already occurred, while a plaintiff seeking to show an injury is "imminent" must demonstrate that the harm is "certainly impending," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted), or that there is a "substantial risk the harm will occur," *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2021) (internal quotation marks omitted). A plaintiff cannot establish that a harm is "imminent" through bare allegations "of possible future injury" contingent on a "highly attenuated chain of

6

possibilities." *Clapper*, 568 U.S. at 409-10; *cf. All. for Hippocratic Med.*, 602 U.S. at 383, 390-93.

Here, Plaintiff's allegations are not concrete and particularized because they do not show personal and individual harm to Plaintiff. Because a person invoking federal jurisdiction "'must assert his own legal rights' and 'cannot rest his claim to relief on the legal rights . . . of third parties,'" *Sessions v. Morales-Santana*, 582 U.S. 47, 57 (2017) (quoting *Warth*, 422 U.S. at 499),[3] Plaintiff cannot bring suit merely to vindicate former President Trump's legal rights. Instead, Plaintiff must show that he *himself* was injured by Trump's conviction. Yet Plaintiff offers no allegations to support such a showing; instead, he alleges only a "generalized grievance about the conduct of Government" (or more particularly, of Manhattan District Attorney Alvin Bragg). *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974). Put differently, Plaintiff alleges only an "abstract" interest – one that is "shared by all citizens" – in seeing New York's prosecutors "act in conformity with the" Constitution. *Id.* at 217. That sort of interest is not sufficient to support Article III standing. *See Lujan*, 504 U.S. at 576 (explaining that a desire to "[v]indicat[e] . . . the public interest in Government observance of the Constitution and laws" does not establish Article III standing); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 345 (2006) ("The [plaintiff] must be able to show . . . that he has sustained . . . some direct injury . . . and not merely that he suffers in some indefinite way in common with

---

[3] The so-called third-party standing doctrine represents a limited exception to this general rule. Under that doctrine, a plaintiff may assert the right of a third party when the plaintiff "has a close relationship with the person who possesses the right [and] there is a hinderance to the possessor's ability to protect his own interests." *Morales-Santana*, 582 U.S. at 57 (alteration in original) (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)). Plaintiff does not allege that he has any personal relationship whatsoever with former President Trump, nor does Plaintiff allege that Trump lacks ability to defend his legal interests himself. The third-party standing doctrine therefore is not applicable.

people generally." (quoting *Doremus v. Bd. of Educ.*, 342 U.S. 429, 434 (1952))). The Court therefore dismisses Plaintiff's claims for lack of standing and, consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DENIAL OF LEAVE TO AMEND

Courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 7, 2024
         New York, New York

                                                         /s/ Laura Taylor Swain
                                                          LAURA TAYLOR SWAIN
                                                      Chief United States District Judge